IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

NICK LOPEZ, individually and as
administrator of the estate of
Rigoberto Lopez-Alvarado                                    PLAINTIFF


v.                          Case No. 2:10-cv-76-DPM


LINDA SANDERS, T.C. OUTLAW,
JERRY CISSELL, JESSICA CISSELL, JERRY CAREY,
SHERYL PHILLIPS, TRACY GUTHRIE,
MARK TIPTON, TIM MOORE,
JUAN BALTAZAR, STEVEN LOPEZ, JEREMY LLOYD,
DARYL LIOYD, MARK SHELDON,
JOHN ELAM, DARYL MAUNE, ROBERT BYNUM,
RANDALL BYRAM, PALMER HERRINGTON,
STERLING AKINS, DARRELL ORDWAY,
MATTHEW VALENCIA, ROBERT STEWARD,
BRENT STEWARD, DANNY WESNER,
TONYA  GEROR, ALAN MINGO, and
JOHN DOES 1-25                                              DEFENDANTS


## ORDER

1. Rigoberto Lopez-Alvarado, an inmate at the federal prison  in

Forrest City, Arkansas died after he was assaulted by two other inmates. This

is a *Bivens* action against various prison wardens and employees for claims

under the Fifth, Eighth, and Fourteenth Amendments. *Bivens v. Six Unknown*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Former warden Linda Sanders moves to dismiss for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). Sanders, Palmer Herrington, and T.C. Outlaw — all wardens or former wardens — move to dismiss the Fifth and Fourteenth Amendment claims and move for summary judgment on the Eighth Amendment claim. FED. R. CIV. P. 12(b)(6); FED. R. CIV. P. 56(a). The remaining Defendants move to dismiss all claims. This case and the related case, Lopez v. United States, No. 2:10-cv-44, are proceeding toward a joint trial under the same scheduling order. *Document No. 56, at 1.*

2. The motions based on lack of personal jurisdiction over former Warden Sanders are denied without prejudice. Personal jurisdiction exists over a non-resident when she has minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (quotations omitted). Sanders's work as a warden in Arkansas for three years, *Document No. 59, at 1*, establishes sufficient contacts with the forum "such that [s]he should reasonably anticipate being haled into court []here." 444 U.S. at 297.

-2-

The issue on Sanders is not the Court's power to reach her; it is whether any claim exists against Sanders because it appears she was transferred to California before the assault on Lopez-Alvarado. *Document No. 59-8, at 8*. Plaintiff Lopez requests time to verify the transfer and offers to voluntarily dismiss the claims against Sanders upon verification. *Document No. 66, at 3*. The Court construes this as a Federal Rules of Civil Procedure 56(d) request and grants Lopez until 1 September 2011 to investigate further. This threshold issue needs to be resolved either by non-suit or a renewed motion for summary judgment within sixty days.

**3.** The warden Defendants' motion to dismiss the Fifth and Fourteenth Amendment claims is granted. Plaintiff Lopez concedes the dismissal of his Fourteenth Amendment claim. *Document No. 66, at 6*. Further, Lopez's briefing makes clear that he is not alleging a Fifth Amendment equal-protection or substantive-due-process violation. *Document No. 66, at 3*. Lopez's *procedural* due process claim under the Fifth Amendment fails as a matter of law. This claim rests on a false premise: the prison could have deprived a prisoner serving a five-ten year sentence of his life if the prison had only given notice, hearing, and other process due. Procedural protections

-3-

are simply inapplicable to the circumstances here. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).   Plaintiff Lopez alleges a viable Eighth Amendment claim, *Whitley v. Albers*, 475 U.S. 312, 327 (1986), not one under the Fifth Amendment.

**4.** The warden Defendants' motion for summary judgment on the Eighth Amendment claim is denied without prejudice.   Again, Plaintiff Lopez's request for discovery in his brief suffices under Federal Rules of Civil Procedure 56(d).   The Court permits discovery regarding the Eighth Amendment claim until 1 October 2011.   The warden   Defendants may thereafter re-file their motion (or not) on a fuller record.

**5.** The remaining Defendants' motion to dismiss the Fifth and Fourteenth Amendment claims is granted, and the claims dismissed without prejudice, for the reasons indicated above. On the Eighth Amendment claim, the remaining Defendants seek dismissal for lack of specificity as to each of the other named twenty-four defendants. *Document No. 61, at 4.*   Lopez asserts that he has done the best he could given problems identifying specific acts in the redacted responses to his Freedom of Information Act requests. *Document No. 65, at 2.*

The remaining Defendants are right: the allegations are too thin. *Ashcroft v. Iqbal,*129 S. Ct. 1937, 1948–49 (2009); *Frey v. City of Herculaneum,* 44 F.3d 667, 672 (8th Cir. 1995). But the undisputed fact remains that Lopez-Alvarado was beaten to death at the prison while some officers were on duty. The Court therefore grants Plaintiff until 1 October 2011 to do some basic discovery and either propose an amended complaint specifying the involvement of each Defendant or move to voluntarily dismiss them.

So Ordered.

D.P. Marshall Jr.
United States District Judge

8 July 2011