IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

NICK LOPEZ, Individually and as
Administrator of the Estate of
Rigoberto Lopez-Alvarado                                    PLAINTIFF

v.                       No. 2:10-cv-76-DPM

T.C. OUTLAW; JERRY CISSELL;
TRACY GUTHRIE; MARK TIPTON;
TIM MOORE; JUAN BALTAZAR;
JEREMY LLOYD; DARYL LLOYD;
LT. MARK SHELDON; LT. JOHN ELAM;
CAPT. DARYL MAUNE; PALMER
HERRINGTON; STERLING AKINS; DARRELL
ORDWAY; TONYA GEROR; and ALAN MINGO,
in their individual capacities                              DEFENDANTS

ORDER

The Court earlier denied without prejudice the Defendants' motion for summary judgment on Lopez's Eighth Amendment claims and opened a three-month window for "basic discovery" on the deliberate-indifference allegations. *Document No. 75.* About a month after this window closed, with the Court's permission, Lopez filed an amended complaint that includes detailed allegations about the events leading to Lopez-Alvarado's 2007

murder at FCI Forrest City.

The Defendants have again moved for dismissal or summary judgment, arguing non-plausible claims/qualified immunity. *Document No. 84.* The motion and many attached exhibits are mostly directed at the facts of the dispute, not the sufficiency of the allegations in Lopez's complaint. The Court could consider summary judgment at this point. *Country Club Estates, L.L.C. v. Town of Loma Linda,* 213 F.3d 1001, 1005 (8th Cir. 2000). But as Lopez points out, the motion lacks an accompanying statement of material undisputed facts. Local Rule 56.1(a). More importantly, Lopez contends that he cannot respond on the facts without more discovery — including getting responses to outstanding discovery requests. *Document No. 92, at 2.* The Court reluctantly agrees that a decision on the merits would be premature.

The Court is mindful that qualified immunity should be decided as soon in the case as possible. *E.g., Shannon v. Koehler,* 616 F.3d 855, 864 n.5 (8th Cir. 2010). Prison officials have qualified immunity when a prisoner sues for injuries caused by another prisoner's surprise attack. *Tucker v. Evans,* 276 F.3d 999, 1001 (8th Cir. 2002). This holding, however, came on review of a complete summary-judgment record. *Prosser v. Ross,* 70 F.3d 1005, 1006 (8th Cir. 1995).

-2-

It is clearly established that "the [E]ighth [A]mendment require[s] prison officials to protect prisoners from violence at the hands of other prisoners." *Young v. Selk*, 508 F.3d 868, 875 (8th Cir. 2007) (quotation omitted). At this point, the Court must take Lopez's allegations about ignored risks as true. *Irving v. Dormire*, 519 F.3d 441, 445-46 (8th Cir. 2008). In the face of the risks Lopez alleges, all the conduct he describes would have violated his clearly established right to be protected from prison violence. Defendants' request for qualified immunity on the pleadings is therefore denied without prejudice.

To make a case for the fact finder on the alleged constitutional violation, Lopez must substantiate the serious risks he alleges the Defendants knew about. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To do so he needs full discovery. The Court will re-evaluate the immunity issue in this case on a more complete record. *E.g.*, *Prosser*, 70 F.3d at 1007. And it will be better able to do so, and give detailed analysis, then. *Jones v. McNeese*, 675 F.3d 1158 (8th Cir. 2012).

Construing the Defendants' motion as one to dismiss, the Court denies it. Lopez-Alvarado was murdered by other inmates while in the custody of the Bureau of Prisons. The amended complaint alleges that deliberate

-3-

indifference to at least eighteen enumerated risks contributed to the death. *Document No. 79, at 8-9*. The allegations are plausible, though discovery may not bear them out. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). If not, or if the full record supports qualified immunity, then Defendants will prevail on summary judgment.

The parties may begin full discovery on the Eighth Amendment claims. The scheduling order is suspended. The Court will issue an amended final scheduling order soon setting a new discovery cutoff, new pretrial deadlines, and a new trial date—for this case and the companion case. Any future motion for summary judgment must comply with the Local Rules. The new trial date will stick. To keep the issues and the record clear, the Court would appreciate future motions that seek dismissal or summary judgment, but not both. The Court regrets its delay in ruling on this motion.

\* \* \*

Motion to dismiss, *Document No. 84*, denied.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

31 August 2012

-4-